[No. 3093.  Nov. 3, 1925.]

## FULGHUM v. MADRID et al.

[240 Pac. 990.]

### SYLLABUS BY THE COURT

1. Requested findings of fact and conclusions of law, not brought into the record by bill of exceptions or certificate of the trial judge, will not be considered here.

2. A general exception ordinarily presents no question for review here.

3. Section 37, chapter 43, Laws 1917, does not relieve the party from making known to the court his objections to the proposed action and the grounds thereof.

4. Where an objection to the proposed action is necessarily brought to the attention of the trial court by the character of the pleadings themselves, the alleged error may be reviewed without formal exception saved in the lower court.

Appeal from District Court, Colfax County; Kiker, Judge.

Action by Edgar W. Fulghum against Juanita G. Madrid and others. From the judgment below, plaintiff appeals, and defendants move to strike proposed findings of fact and conclusions of law, and to dismiss the appeal. Motion to strike proposed findings and conclusion of law sustained, and motion to dismiss appeal denied.

L. S. Wilson, of Raton, for appellant.

Crampton & Darden, of Raton, for appellees.

### OPINION OF THE COURT

PARKER, C. J.  [1] A motion to strike proposed findings of fact and conclusions of law, presented to the district court by appellant, has been filed by the appellee. The findings do not appear in the bill of exceptions, and are not certified to by the district judge. If they are before us, they are here as a part

[1] 4CJ p. 160 n. 66.
[2] 3CJ p. 900 n. 96; p. 902 n. 6.
[3] 3CJ p. 742 n. 3.
[4] 3CJ p. 744 n. 7.

of the record proper, certified to by the clerk. Appended to these requested findings is an indorsement as follows:

"The foregoing findings are hereby refused and exceptions allowed before the signing of the decree herein.

"Thomas D. Leib, District Judge."

This condition of affairs is identical with that in Gradi v. Bachechi, 24 N. M. 100, 172 P. 188, in which we held that the requested findings could not be considered here. We cannot depart from this holding without departing from the settled practice of the court.

[2] 2. The motion of appellee is, further, to dismiss the appeal upon the ground that no exception has been preserved in the lower court. At the conclusion of the judgment appears the following:

"To all of the foregoing the plaintiff duly excepts and is hereby allowed an exception."

It is clear upon precedent that such an exception ordinarily presents no question for review here. McGonigle v. Eagle Town-Site Co., 25 N. M. 625, 187 P. 546; Tietjen v. McCoy, 24 N. M. 94, 172 P. 1042; Fullen v. Fullen, 21 N. M. 212, 153 P. 294.

[3] 3. Appellant relies upon section 37, chapter 43, Laws 1917, which provides that no exceptions shall be required in equity cases or cases tried to the court without a jury. This section was lately interpreted to the effect that, while it does dispense with formal exceptions, it does not relieve the party of the necessity of making known his objection to the proposed action and the ground thereof. Garcia v. Silva. 26 N. M. 421, 193 P. 498.

[4] 4. Appellant contends, however, that no exception is required to preserve the error relied upon, for the reason that it appears upon the judgment roll itself. Counsel says that the findings of fact are exactly what he wanted, but that the legal conclusion drawn therefrom, resulting in the judgment, is erroneous.

The proposition as to what errors may be considered by this court, without exception in the lower court, was considered in Sais v. City Electric Co., 26 N. M. 66, 188 P. 1110. There we grouped the previous cases into three classes, and stated that (1) where the defect was jurisdictional, (2) where the question was of a general public nature, or (3) where it was necessary to notice the error in order to protect a party's fundamental rights, we would notice the error whether it was saved in the lower court or not. In that case we also quoted from and approved Baca v. Perea, 25 N. M. 442, 184 P. 482, in which we held that, where the judgment was inherently defective by reason of the insufficiency of the pleadings, we would notice the error without exception saved in the lower court. This might be designated as the fourth exception to the general rule. In the case at bar, however, the facts are a little different. Here the claim is made that on the facts there could be no judgment rendered like the one which was rendered. In such a case it is urged, the error appearing in the judgment roll, no exception is required.

There is another consideration in this connection. This court has many times held that, notwithstanding the provisions of section 37, chapter 43, Laws 1917, which dispenses with formal exceptions in cases in equity, or those tried to the court without a jury, nevertheless it is necessary that the court's attention be called to the point made in some proper way, so that the district court may avoid error and decide cases correctly in the first instance. In this case suit was brought to reform and foreclose a mortgage as a prior lien upon real estate on which the defendants had acquired a judgment lien. The error in the mortgage was in the description, and the court held that for that reason the defendants acquired the judgment lien without notice, and that therefore their lien was prior to the mortgage. All of the considerations passed upon by the district court were called to the court's attention by the pleadings themselves, and the court could not have gone wrong by reason of any default

of either of the parties. The decision of the district court is either correct or incorrect, and the judge was fully advised as to what the legal issue was. In such a case the plaintiff is well within the doctrine which we have so often announced, as stated above, to the effect that the question was presented to the district court. In such case no exception was required under section 37, chapter 43, Laws 1917.

It follows from all the foregoing that the motion to strike the proposed findings and conclusions should be sustained, and that the motion to dismiss the appeal should be denied, and it is so ordered.

WATSON, J., concurs.

BICKLEY, J., having been counsel below, did not participate.