[No. 3017, July 21, 1927. Rehearing Denied Aug. 23, 1927.]

## KING v. DOHERTY.

[258 Pac. 569.]

### SYLLABUS BY THE COURT

1. Proposed findings and exceptions to findings are no part of the record proper and must be brought here in the bill of exceptions.

2. A question of law presented by the pleadings, which could not have been overlooked, and which was necessarily and actually decided, may be reviewed, even in the absence of formal exceptions.

3. An assessment of real property, under Laws 1899, c. 22, required a description sufficient in itself to identify

---

[1] 4CJ p. 79 n. 52, 54; p. 243 n. 92; p. 443 n. 55; p. 557 n. 45. [2] 3CJ p. 898 n.62. [3] 37 Cyc p. 1052 n. 13; p. 1054 n. 20; p. 1055 n.

the land.

Appeal from District Court, Union County; Leib, Judge.

Suit by John King against Joe Doherty to quiet title. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions.

Se, also, 240 P. 810.

Joseph Gill, of Albuquerque, for appellant.

Daniel K. Sadler and Fred S, Merriau, both of Raton, for appellee.

OPINION OF THE COURT

WATSON, J.   King sued Doherty to quiet title to the west half of the northwest quarter and the west half of the southwest quarter of section 15, township 28 north, range 29 east.   Doherty denied King's title, and asserted and sought to quiet title in himself under a tax deed .   Judgment was for Doherty, and King appeals.

[1]   Appellee contends at the outset that the record presents no question for review. He points out that appellant's requested findings and his exceptions to the findings made are not certified by the trial judge as part of the bill of exceptions, but appear certified only by the clerk as part of the record proper.   His contention that these documents may not, under such conditions, be considered here is fully sustained by former decisions of this court.   Gradi v. Bachechi, 24 ·N. M. 100, 172 P. 188; Baca v. Ojo del Espiritu Santo Co., 28 N. M. 499, 214 P. 764; Fulghum v. Madrid, 31 N. M. 91, 240 P. 990.

[2]   Twenty-five of the thirty-one assignments of error attack the findings made or the refusal to make those proposed.   These therefore go out, in so far as they require exception to support them. Appellee further contends that the remaining six, based upon the admission of evidence, are also unavailable. This question, in view of our conclusion, we need not decide. Although we must consider that no exceptions were made

in the trial court, there is still one question of which we think the court was fully advised, and which we must review even in the absence of exception. The question is whether the decription on the tax roll was sufficient for a valid assessment. Numerous assignments of error present this question.

Appellee's affirmative answer, which should, no doubt, be considered as a cross-complaint, identified the tax deed on which he relied for title. In the reply appellant alleged that the assessor had not described the land on the tax rolls; that the county treasurer, in attempting to advertise it, had wholly failed to describe it so that it might be identified by the owner, and failed, at the time of the attempted sale to Union county, to insert any description in the tax sale certificate. Thus the issue of insufficient description was brought to the attention of the trial court by the pleadings.

The facts thus alleged in the reply the court found to be true. He found that the land was assessed thus: "Martinez, Epifanio J. real estate Section 15, township 28, range 29 Number of acres 160." That it was described in the advertised delinquent tax list thus: "Precinct No. 22 Epifanio J. Martinez, undescribed land Sec. 15, .T. 28, R. 29, 160 acres." That as contained in the certificate of sale assigned to Doherty, the description read: "W 1-2 of NW 1-4, W 1-2 of S W1-4, section 15, township 28, range 29-160 acres." But that: "That portion of said description reading: ' W1-2 of NW 1-4; W; of SW 1-4' so contained in said duplicate tax sales certificate, as assigned to the said defendant Joe Doherty, was added to the description of said property as contained in the treasurer's copy of the assessment rolls of Union county for the year 1910 and to the description of said property as contained in said tax sales certificate, at some date between the time of the purchase of said certificate by the county of Union, at tax sale and the date of the assignment of said certificate on the 15th day of March, 1916, to the said Joe Doherty, upon the discovery by the treasurer's office of said county that the added portion of said description was

the only 160 acres of land owned by said Epifanio J. Martinez in said section 15, or in Union county, New Mexico.''

So the issue of the insufficiency of the description was before the court, not only upon the pleadings, but upon his own findings as to the facts. He could not have escaped deciding it, if he had desired. If he erred in the decision, it was through no oversight or misapprehension which might have been prevented by exception taken. So, as we held in Fulghum v. Madrid, supra, no exception was required.

[3] In holding the description sufficient, we think there was error. The attempted assessment was in 1910. In a recent decision, we considered that in an assessment like this, under chapter 22 of the Laws of 1899, ''the description appearing upon the tax roll must, in itself, be sufficient to identify the property.'' State v. Board of Trustees of Town of Las Vegas, 32 N. M. 182, 253 P. 22. We there held that such is not the rule under the present statute. In so construing the 1899 provision, we had before us and in mind Manby v. Voorhees, 27 N. M. 526, 203 P. 543, upon which appellant here places reliance. He also cites Shackelford v. McGlashan, 27 N. M. 454, 202 P. 690, 23 A. L. R. 75, where it was remarked that a description which omitted the section number ''would not have supported the tax sale based upon it.''

Appellee attempts to distinguish the case at bar from Manby v. Voorhees. The distinction is one of degree only. There the acreage mentioned was to be identified by a search of the whole county. Here it is to be found within the limits of one section. It is plain, however, that neither description serves, unaided, to identify the property. The lower court sustained the assessment because it was possible to show that the taxpayer owned a particular 160 acres of land, and none other, within the section. But it is as possible, though more difficult, to show the same things as to a county. Indeed, it appears from the finding that such showing was made in this case. Having held in the former case that extrinsic

evidence may not be resorted to to identify the land within the county, if we should hold here that such evidence might be adduced to identify it within the section, the greatest confusion would result. The courts would not know where to draw the line and might even be called upon some time to decide whether the same rule should apply in a small county as in a large one.

It is assumed by appellee that the controlling provision is found in section 25 of the 1899 act as follows:

"Such description as will serve to identify the same."

That was, indeed, the provision construed in Manby v. Voorhees. Another provision, however, was in force at the time, namely:

"A description by legal subdivisions, or otherwise, sufficient to identify it." C. L. 1897, § 4032.

Appellee points out that one of Webster's definitions of "serve" is "to contribute or conduce to." He urges, therefore, that the Legislature intended only that the description on the tax roll should contribute or conduce to an identification of the land, and that it might be aided by evidence aliunde. This argument, however, was not allowed to prevail in Manby v. Voorhees. Had it prevailed, the result would have been different. Conceding that appellee's contention might have merit as applied to section 25 of the 1899 act, it certainly can have none as applied to C. L. 1897, § 4032. It is t obe noted, also, that while this court in Manby v. Voorhees invoked the former provision, it used the language of the latter in laying down the rule.

Appellee points to the allusion in Manby v. Voorhees to the large holdings in this state by metes and bounds under Spanish and Mexican grants; in view of which this court remarked that caution should be exercised in laying down hard and fast rules governing descriptions. It was, no doubt, in view of this situation that the Legislature had prescribed "a description by legal subdivisions, or otherwise, sufficient to identify it." Land might be described otherwise than by legal subdivisions, but it was the plain legislative policy that

the description, if "otherwise," should be sufficient to identify it. Appellee calls our attention to Laws 1899, c. 22, § 18, where it was provided that, in proceedings on the district attorney's complaint to obtain an order for sale of property for delinquent taxes, "no assessment * * * shall be construed illegal on account of * * * error or informality as to the description;" and that the court might correct such error. We do not understand, however, on what principle that saving clause may be invoked in a proceeding to quiet title after sale, where the court had made no such correction. In any event, that contention is set at rest by Manby v. Voorhees, where it is said:

"We now add to the foregoing list of defects which are jurisdictional, and which are not cured by the statute, that of failure of description sufficient to identify the land."

It seems to us, therefore, that Fulghum v. Madrid is controlling upon the procedural questions, and Manby v. Voorhees upon the merits. As appellant has shown a good paper title, and as it would be impossible for appellee to make title under his tax deed, we must reverse the judgment and remand the cause with direction to the district court to enter judgment for appellant, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.