[No. 3069. Nov. 9, 1927.]

DE LOST et al. v. PHELPS DODGE CORPORA-
TION, STAG CANON BRANCH.

[261 Pac. 811.]

F. S. Merriau, of Raton, for appellants.

Crampton & Darden, of Raton, for appellee.

## OPINION OF THE COURT

WATSON, J. Appellants, as dependent parents, filed a claim under the Workmen's Compensation Act. Laws 1917, c. 83, as amended. Dependency was the the only issue made by the pleadings, or litigated. As to that, the court found:

> "That the said John De Lost and Helena De Lost, on the 8th day of February, A. D. 1923, were not dependent upon the deceased Joseph De Lost within the meaning of the provisions of chapter 83 of the 1917 Session Laws of the state of New Mexico, or at all, to any extent whatsoever."

This so-called finding, with others, and with conclusions of law, was included in the final judgment denying compensation. Appellants requested no findings and took no exceptions, other than a general one allowed in the judg-

ment. Their contention here is that the finding of non-dependency is erroneous.

The difficulty of reviewing this general conclusion on a mixed question of fact and law is manifest. If the trial court believed the testimony for appellants, there is ground for urging that he entertained an erroneous view of the law of dependency as developed in Merrill v. Penasco Lbr. Co., 27 N. M. 632, 204 P. 72, and Gonzales v. Chino Copper Co., 29 N. M. 228, 222 P. 903. But, before applying the law, this court must either have facts submitted to it or must find them itself.

Appellee contends that this record presents no question for review. It cites McGonigle v. Eagle Town-Site Co., 25 N. M. 625, 187 P. 546, and Stumpf v. Pohle, 28 N. M. 606, 216 P. 498, to the effect that specific exceptions or requests for specific findings are essential. This, as a general proposition, appellants do not question. They endeavor to distinguish the case.

It is first urged that, where a single issue is expressly and necessarily decided, an exception serves no purpose and is not required. That proposition is correct as applied to a case which depends on a single question of law presented and decided. Fulghum v. Madrid, 31 N. M. 91, 240 P. 990; King v. Doherty, 32 N. M. 431, 258 P. 569. But this is not such a case. Here we have a mere general conclusion dependent for its correctness on the facts established and the law of dependency. The trial court's theory as to either facts or law is undisclosed. A proper review of the decision "on the same grounds as those on which it was made" is impossible. Morrow v. Martinez, 27 N. M. 354, 200 P. 1071.

It is true, as contended by appellants, that their testimony, and that of their witnesses, is not directly contradicted. Yet other facts were adduced by appellee having a bearing on the question of dependency. Appellee points in argument to inherent improbabilities and suspicious circumstances in appellants' claim. We cannot say that there are none. If the trial court recognized them, he had a right to consider them in reaching his conclusion as to the facts.

Martinez v. Floersheim Merc. Co., 27 N. M. 245, 199 P. 905. So we cannot say that the case is before us on admitted or undisputed facts.

Appellee also contends that the rule invoked should not be applied in a compensation case. From section 13 of the act, it appears that the claim is to be informal and the hearing summary. These and other provisions, and the familiar history of the legislation, indicate an intent, so far as possible, to dispense with and avoid the formalities, the delays, and the expense incident to ordinary litigation, as well as to correct the particular evils resulting from applying the old law of master and servant under modern conditions of employment. It seems to have been contemplated that the claimant, with the help of the clerk of the court, might exhibit and recover on his claim without the services of an attorney; the employment of lawyers being discouraged by limiting their lawful compensation to 5 per cent. of the total recovery. So there is ground for the argument that we should not expect, on appeal, a record presenting, with technical correctness, the questions involved, and preserving them for review. The argument follows that the procedure in this court should be informal and summary as in the district court, and that any injustice made to appear should be corrected.

This contention, while not without force, cannot be sustained. In the first place, the Legislature has indicated no such intention. It is provided by section 15 of the act that the judgment "* * * shall be reviewable by the Supreme Court of the state upon appeal or writ of error in the manner prescribed for other cases, * * *" with certain exceptions unnecessary to notice. In the next place, it is to be doubted if the spirit and purpose of the act, or the interest of claimants thereunder, would be advanced if questions of fact were left to be determined in this court upon consideration of a cold record. We think that our function in this class of cases, as in ordinary litigation, is the correction of errors of law, including the setting aside of findings not supported by substantial evidence. An examination of the legislation in the several states discloses that in many of them it is expressly pro-

vided that findings of fact made by the tribunal having original jurisdiction are to be final. About the same result was achieved by our Legislature in providing that the judgment should be reviewed as in other cases. In this connection, it may be observed that in Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N. M. 686, 187 P. 560, while recognizing compensation cases as special proceedings, we held that questions not raised in the trial court could not be considered here.

The strongest reason for relaxing, in compensation cases, the rule we here apply, does not exist in the present case, since appellants were represented in the court below by able counsel. However, we feel impelled, by the force of the argument, to suggest to district judges to consider whether, in keeping with the spirit of the law, they ought, in such cases, particularly if the claimants have no counsel, of their own motion, make specific findings of fact, to make possible or to facilitate review by this court.

The judgment must be affirmed, and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.