[No. 3198.   Nov. 19, 1927.]

VOSBURG v. CARTER.

[262 Pac. 175.]

Harold Hurd and Tomlinson Fort, both of Roswell, for plaintiff in error.

L. O. Fullen, of Roswell, for defendant in error.

OPINION OF THE COURT

BICKLEY, J.   The defendant in error has filed a motion to strike from the transcript of record plaintiff in

error's requested findings of fact and conclusions of law, upon the grounds that they are not a part of the record proper, because not shown to have been ordered filed by the trial court in the cause as a part of the record proper, and are not included in any authenticated bill of exceptions, and are not included in or covered by the certificate of the trial judge, and that the court is without jurisdiction or authority to consider the same in any manner.

The controlling facts are as follows:

The action is one to quiet title to real estate, tried by the court without a jury.

There was filed with the clerk a paper entitled "Plaintiff's Requested Findings of Fact and Conclusions of Law." The paper is indorsed: "Filed June 4, 1926, in my office, D. C. Berry, Clerk." On the same day there was filed in the clerk's office an order, signed by the trial judge. Said order is as follows:

"On this day came on to be heard plaintiff's requested findings of fact and conclusions of law, and the court, having considered the same, adopts Nos. 10, 11, and 13 of the findings of fact, and refuses to find as requested in the other numbers, except as found in the judgment of the court or the opinion of the court, which is hereby adopted as findings of fact and conclusions of law in addition to those set out in the judgment.

"The court adopts requested conclusions of law Nos. 1, 4, and 6, and refuses to adopt the other requested conclusions of law requested by the plaintiff.

"To the action of the court, in refusing to adopt the other requested findings of fact and requested conclusions of law, the plaintiff excepts, and excepts to such refusal, and each of them.

"Done at Taos, Taos county, N. M., this 10th day of June, 1926.

"Chas. R. Brice, Judge.

"Fifth Judicial District, State of New Mexico, County of Lea.

"Filed June 4, 1926, in my office.

D. C. Berry, Clerk.

"Recorded Book 2, page 170."

So, it is apparent that the paper sought to be stricken had been brought to the attention of the trial court and a decision made thereon. No objections were made as to

any irregularity in the filing of the same, as to the time thereof or otherwise. In support of his motion, defendant in error cites the following cases: Gradi v. Bachechi, 24 N. M. 100, 172 P. 188; Clark v. Maisen, 32 N. M. 246, 255 P. 404; Fulghum v. Madrid, 31 N. M. 91, 240 P. 990; Loftus v. Johnson, 23 N. M. 546, 170 P. 49. It is contended that these cases have decided that findings of fact and conclusions of law requested, whether given or refused by the court, are not a part of the record proper, under section 23, c. 43, Laws of 1917, which is the same as section 4491, Code 1915, and section 22, c. 57, Laws 1907. The material part of said section is as follows:

"All entries, orders and rulings of record in the clerk's office, and all papers regularly filed in a cause with the clerk of the district court shall be considered a part of the record proper."

The question turns upon a proper construction of the phrase "all papers regularly filed in a cause." As the question as to what is and what is not a part of the record proper under the section quoted has been a subject of much confusion among the profession, it is important that we consider whether in what we have heretofore said we have been accurate in judicial construction, and whether we have committed ourselves to a greater strictness than the statute would seem to prescribe. In Gradi v. Bachechi. supra, the first point decided was:

"The record on appeal does not contain the transcript of the evidence taken at the trial. The findings are therefore conclusive."

The court further remarked:

"We have no way of ascertaining what questions were presented by appellants to the trial court for decision, because of the state of the record. Included in the record proper is a paper purporting to be findings of fact and conclusions of law, requested by appellants, but refused by the trial court. That is the only paper in the record which even intimates what questions were presented to the trial court. That paper is not a part of the record proper under section 4491, Code 1915. As none of the questions argued by appellants are jurisdictional, there is nothing for us to review."

An examination of the transcript in that case discloses that the court could well have said that, the record not containing the transcript of the evidence, the action of the court in refusing to give the findings of fact was conclusive, it being impossible to show error in refusing findings of fact without reference to the evidence.

So, it would appear that the court's observations concerning the requested findings of fact and requested conclusions of law based thereon were obiter dictum. Furthermore, the language of the court, above quoted, was not evoked upon any question raised as to whether the paper referred to was a part of the record proper. There was no motion to strike the same from the record, and no objection was made by the appellee to the paper.

In Fulghum v. Madrid and Clark v. Maisen, supra, the expression employed in Gradi v. Bachechi, supra, was adopted as a controlling construction of the statute, without argument and without reconsideration of the question. The same is true of King v. Doherty, 32 N. M. 431, 258 P. 569. We do not consider that Loftus v. Johnson is in point. In that case, it was decided that a contract introduced in evidence as an exhibit, not ordered to be filed as a part of the record, and there being no rule of court or statute requiring the filing of an exhibit introduced in evidence upon the trial of the cause, does not become a part of the record proper, and the court parenthetically remarks that there is no certificate of the clerk that the said exhibit was filed in his office.

We are now asked to consider this statute upon considerations not heretofore treated by the court in any of the cases cited, supra. In Territory v. McGrath, 16 N. M. 203, 114 P. 364, the Territorial Supreme Court held:

"All papers regularly filed in a cause with the clerk of the district court include only such papers which by statute, or rule, or order of court are required or directed to be filed in a cause."

Section 4197, Code 1915, provides that:

"Upon the trial of any question of fact by the court, its decision must be given in writing and filed with the clerk in the cause. and in such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately. * * *"

Section 4179 is as follows:

"Every direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order. An application for an order is a motion."

In Fullen v. Fullen, 21 N. M. 212, 153 P. 294, it was said:

"While a motion for a decree was filed by plaintiff, this was mere surplusage. It was a case of an application to the court to act in the case and pass judgment. This is clearly pointed out by the provisions of section 4179, Code 1915, which provides that a motion is an application to the court for some direction other than a judgment.

"That the objection sought to be founded upon section 4229, supra, is not well founded is apparent. When a case has been submitted and taken under advisement by the court, the party should have an opportunity, before the decree is entered, to suggest the form of the decree, except to findings of fact and conclusions of law by the court, if so advised, and to propose other findings and conclusions, so that their respective views, theories, and contentions may be fairly represented by the record."

In 28 Cyc. at p. 3, in the article on "Motions," it is said:

"Properly, a motion means an application for a rule or order, made viva voce to a court or judge, but the term is now generally employed with reference to all such applications, whether written or oral."

That written motions are authorized by our Code of Civil Procedure and the filing thereof authorized is shown by section 4134 of the Code, which says:

"Every complaint or other pleading and motion shall be signed by the party or his attorney, with his office address, and the clerk shall endorse thereon the day upon which it is filed and shall make an entry thereof."

From all of the foregoing, it is our conclusion that a written request or application to the trial court to make findings of fact and conclusions of law is a motion and is among the papers contemplated by section 23, c. 43, Laws of 1917, as being a paper regularly filed in a cause, so as to be considered a part of the record proper. Gradi v. Bachechi, Fulghum v. Madrid, Clark v. Maisen, and King v. Doherty, supra, to the extent that they may be in conflict herewith, are overruled. In the case at bar, no question being raised as to the reviewability of the court's action on the requested findings of fact and conclusions of law, except that the same is not part of the record proper, the motion to strike will be overruled, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.