[No. 3202.   Dec. 6, 1928.]
[Rehearing Denied March 6, 1929.]

MUTUAL INVESTMENT & AGENCY CO. v. ALBUQUERQUE FARM & RANCH LAND CO.

[275 Pac. 92.]

Hanna & Wilson and J. W. Norment, all of Albuquerque, for appellant.

Downer & Keleher, of Albuquerque, for appellee.

OPINION OF THE COURT

WATSON, J.   Mutual Investment & Agency Company, a corporation, relying upon an assessment, sale, and deed, for 1908 taxes, assessed upon the Pajarita grant, 28,700 acres, owners unknown, and so conveyed by Bernalillo County, and upon mesne conveyances, claimed the

right of possession of some 800 acres of said grant, and sued Albuquerque Farm & Ranch Land Company, a corporation, to recover it. The defendant claimed payment of the 1908 taxes upon the lands in question under several assessments in parcels.

The only issue submitted to the jury was whether the taxes for 1908 had been paid by defendant's predecessors in interest on any portion of the lands claimed. The jury returned a verdict for the plaintiff as to two designated tracts and for the defendant as to the remainder. Upon the verdict judgment was entered, awarding to each party some 400 acres of the lands in dispute. Plaintiff appealed.

Appellant says that its sixteen assignments of error rest upon one legal proposition, and so are not presented separately. The broad contention, as we understand it, is that, disregarding evidence improperly admitted over objection, there is no substantial evidence that any of the assessments relied upon by appellee, and upon which it claims that the taxes for 1908 had been paid, were for lands lying within the 800-acre tract in question. Hence, it is contended, a verdict should have been directed, upon appellant's motion, for its whole claim, and this court should reverse the judgment, with a direction that judgment be entered for appellant.

The legal proposition upon which appellant relies is that the descriptions appearing on the tax roll are insufficient in themselves to identify any lands within the tract in question, and that extrinsic evidence cannot be resorted to for the purpose. Appellant relies upon Manby v. Voorhees, 27 N. M. 511, 203 P. 543; State v. Board of Trustees, 32 N. M. 182, 253 P. 22; King v. Doherty, 32 N. M. 431, 258 Pac. 569; Security Investment & Development Co. v. Gross, Kelly & Co., 33 N. M. 535, 271 Pac. 95. In these cases we have indeed laid down the rule that extrinsic evidence is not to be received in aid of a tax roll description insufficient to identify the land; the assessments being under Laws 1899, c. 22. These cases, however, all relate to the sufficiency of assessments to support a sale of lands by the county for non-payment of

taxes. They are not necessarily controlling or in point upon the question here involved. In order to divest an owner's title by hostile proceedings for nonpayment of taxes, there must, of course, be substantial compliance with the statutory requirements.

It does not follow that the owner, in order to prevent his land being taken by the public, is to be held to the same strictness. To sustain a divestiture of the owner's title, it was required of an assessment that it show "a description by legal sub-divisions, or otherwise, sufficient to identify * * * all real estate. * * *" C. L. 1897, § 4032. And "such description as will serve to identify the same," Laws 1899, c. 22, § 25. The last mentioned section, however, permits the owner to *defend* against a tax title upon the ground "that the taxes, penalties, interest and costs, had been paid before the sale." The fact of payment is not by this section required to be established in any particular manner, nor by any special kind or quantum of evidence.

The section last cited does, indeed, place upon the owner the duty of "properly" listing or returning his property; and appellant contends that, unless he has procured an assessment of his property which would be sufficient to divest him of his title in case of his failure to pay the taxes, he is left without competent proof to establish his claim that he has paid the taxes. Some of the general language in Knight v. Fairless, 23 N. M. 479, 169 P. 312, might seem to support such a contention, but it is to be borne in mind that the court was there speaking of a mere blanket assessment, which contained no description and gave "no clue" to the identity of the property. In Harris v. Friend, 24 N. M. 627, 175 P. 722, the evidence showed that the lots in question had not been returned and that there was no intention to pay taxes upon them. The more recent case of Shackelford v. McGlashan, 27 N. M. 454, 202 P. 690, 23 A. L. R. 75, seems to dispose of appellant's contention. There, former Justice Davis, speaking for the court, stated the case thus:

"We have, therefore, a case where the owner has paid money to the county as taxes on a certain piece of land, and the county has accepted it as payment on that land, although in fact the land

was not properly described on the tax roll and can only be identified by proof of circumstances wholly apart from the roll itself."

He propounded and answered in the affirmative the following question:

"Whether. payment under an assessment, invalid because it fails to describe the lands sufficiently for identification, is good payment on the land intended to be assessed, so as to avoid a sale under another assessment with a proper description."

Appellant's present contention is dealt with as follows:

"The remedy as against the owner of the land is a harsh one in any event, and to hold that, where he has in good faith attempted and intended to return his land and to pay the taxes upon it, he must nevertheless lose it because of a failure to obey the provision of law which says that his assessment must properly describe the land, is to lay down too severe a rule. While it is true that the result would come from his own fault, the forfeiture of his property would be punishment far greater than the offense."

The contention on appeal being reduced to the single legal proposition stated, and the same being ruled adversely to the appellant, the judgment must be affirmed, and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.