[No. 3436. Feb. 11, 1930.]
[Rehearing Denied April 14, 1930.]
FERGUSON v. GUSDORF.
[290 Pac. 214.]

Crist & Pacheco, of Santa Fe, for appellant.
Gilbert & Hamilton, of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J. ·

Appellant, claiming to be the owner of two parcels of land in fee, sued in statutory form to quiet title.

She relied upon tax deeds for assessments for 1904 as to one parcel, and for 1908 as to the other. She did not succeed, however, in introducing them. She was required, over her exception, to show "that the proceedings leading up to the tax sales were legal." She contends that this was error; claiming that the deeds were admissible as prima facie evidence under Comp. Laws 1897, § 4101; claiming further that, while that section was repealed by omission from Code 1915, yet, as to tax sale certificates issued to the county in 1906 and 1910, respectively, and assigned by the county to appellant's grantor in 1916, the section remained in effect by virtue of the saving clause of the codification.

Appellee points out, however, that these deeds, issued in 1916, were not acknowledged. Hence, there was lacking one of the conditions requisite under the section in question to constitute the deeds prima facie evidence.

Moreover, the section in question specified the facts of which a tax deed was to constitute prima facie evidence. It was not to be evidence that the land was assessed by "such description as will serve to identify" it (Laws 1899, c. 22, § 25) or by "a description * * * sufficient to identify it." Comp. Laws 1897, § 4032. Notwithstanding the curative provisions and the prima facie value of the deed, insufficiency of the description in the assessment was a defense. Manby v. Voorhees, 27 N. M. 511, 203 P. 543.

Admitting, arguendo, that the deeds should have been admitted, appellee could have shown in defense that they were based upon assessments wherein the descriptions were insufficient. Appellant did not stand upon her contention, but undertook to establish the legality of the tax proceedings. When she produced the tax rolls the assessments were challenged for insufficiency of description. If the deeds are in fact and in law void, it cannot be an

essential matter whether the invalidity was discovered during an attempt of appellant to procure their admission in evidence, or during an attempt of appellee to have them stricken out.

The court excluded the assessments upon two grounds, thus stated in the objection:

"First for the reason that it affirmatively appears that the land in question lies within the Taos Pueblo Land Grant, and therefore, was not subject to taxation; second, for the reason that the description of the land as set forth in the proffered description is not sufficient to identify the land itself without parole evidence or proof."

If either of these grounds was well taken, it will, of course, be fatal to appellant's success.

While elaborately arguing that the claims or interests of settlers within the limits of the Pueblo Indian grants are property subject to taxation, appellant has strangely failed to notice the second ground of the ruling, the insufficiency of the assessments in the matter of description. We might well stop at this point and affirm the judgment. However, as the matter seems to be controlled by precedent, we may as well dispose of it on its merits.

The 1908 description, after showing that the property was in precinct 4, school district No. 22, appeared thus:

"Property: N. M. Martinez, S. N. Anaya, E. Lucero River, W. V. F. Romero, *more fully described in Book A-19, p. 393.*"

The 1904 assessment is not included in the transcript. As described by appellant's counsel in offering it in evidence, it appeared as:

"Bounded N. by V. F. Romero, S. by Rio Lucero, E. by J. M. Martinez, W. by Nicolas Anaya; house on it, acres 40."

That portion of the 1908 assessment which we have italicized affirmatively appears to have been added to the roll, and also to the certificate of sale, after the latter had left the hands of the county treasurer who issued it. It would seem, therefore, that it cannot be considered in testing the sufficiency of the description to support the assessment.

We consider it firmly established that the statutes in force when these assessments were made required

descriptions sufficient, unaided, to identify the land. Manby v. Voorhees, 27 N. M. 526, 203 P. 543; Shackelford v. McGlashan, 27 N. M. 454, 202 P. 690, 23 A. L. R. 75; State v. Board of Trustees, 32 N. M. 182, 253 P. 22; King v. Doherty, 32 N. M. 431, 258 P. 569; Security Inv. & Dev. Co. v. Gross, Kelly & Co., 33 N. M. 535, 271 P. 95; Mutual Inv. & Agency Co. v. Albuquerque F. & R. L. Co., 34 N. M. 10, 275 P. 92. It is this line of decisions, rather than any one of them, that is controlling here. We cannot hold that the descriptions here involved satisfied the requirements of the statutes. Hence the assessments were void, and would not support sales.

An insurmountable obstacle to appellant's recovery is thus disclosed. It makes it unnecessary to pursue the other question argued. The judgment must be affirmed and the cause remanded. It is so ordered.

BICKLEY, C. J. and PARKER, CATRON and SIMMS, JJ., concur.