**PUEBLO DE TAOS v. GUSDORF et al.**
**No. 379.**

Circuit Court of Appeals, Tenth Circuit.
June 2, 1931.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a suit to quiet title brought by plaintiff under the provisions of section 4 of the Pueblo Lands Act (43 Stat. 636 [25 US CA § 331 note]).

Defendants claimed title to various tracts of land, designated by numbers, under the limitation provisions of said section 4.

From a decree in favor of defendants, plaintiff has appealed.

The sole question presented is whether defendants showed compliance with the tax-paying requirements of said section 4.

Sub-divisions (a) and (b) of said section 4 required the payment of taxes "lawfully assessed and levied" during certain periods "to the extent required by the statutes of limitation or adverse possession of the Territory or of the State of New Mexico." The New Mexico statute referred to (section 83—122, N. M. Code 1929) required that the claimant shall have "continuously paid all the taxes, state, county and municipal * * * levied upon the land or interest claimed."

A number of the questions here presented were determined by this court, after full and careful consideration, in United States v. Wooten (C. C. A. 10) 40 F.(2d) 882, and we reaffirm the propositions therein laid down.

Under the provisions of chapter 22, N. M. Laws 1899, claim No. 8 was sold to Taos County for $9.74 due as delinquent taxes assessed for 1904, and certificate of sale No. 995 was issued therefor. On November 9, 1906, the former owner redeemed claim No. 8 from such sale and received redemption certificate No. 83 as evidence thereof.

The pertinent provisions of chapter 22, N. M. Laws 1899, and acts amendatory thereto are set out in note 1.[1]

---

NOTE 1.

[1] Sec. 22, chapter 22, supra: "* * * Each lot or parcel of property offered for sale shall be struck off to the best bidder for cash; but if there should be no purchaser, in good faith, for the same on the first day, the property is offered for sale, when the property is thereafter offered for sale, and there is no purchaser in good faith bidding upon the same, the whole amount of the property assessed shall be struck off to the county as the purchaser, and the duplicate certificate delivered to the county treasurer and filed by him in his office, after having the same recorded in the office of probate clerk of said county. No charge shall be made for issuing duplicate certificate, or for filing and recording the same when the county is the purchaser. And the collector shall make an entry 'sold to the county' on the tax roll opposite the tax and shall be credited with the amount thereon in his settlement."

Sec. 23, chapter 22, supra: "After receiving the

R. H. Hanna and Fred E. Wilson, both of Albuquerque, N. M., for appellant.

Wm. J. Barker and Charles Fahy, both of Santa Fé, N. M., and Floyd W. Beutler, of Taos, N. M., for appellees.

The question is whether a payment made to redeem land sold to the county for delinquent taxes, under the statutes set out in note 1, is a payment of taxes within the meaning of section 4 of the Pueblo Lands Act.

Had the sale been made to a third person rather than to the county, the payment, under the provisions of section 23, supra, would have been made to the county treasurer for the benefit of such third person, and neither the territory nor any of its political sub-divisions would have received any part thereof. Under such circumstances, it clearly would not have been a payment of taxes.

Section 23, supra, expressly declares that the county purchasing at tax sales shall take the same rights as an ordinary purchaser, and that the certificate of sale, when recorded, shall vest in the purchaser, his heirs or assigns a complete legal title to the land, subject to redemption within three years from the date of sale.

Section 22, supra, provides that, upon a sale to the county, "the collector shall make an entry 'sold to the county' on the tax roll opposite the tax and shall be credited with the amount thereon in his settlement."

The sale of the land to the county discharged the claim for taxes. In lieu of such claim, the county took the legal title to claim No. 8 subject to the former owner's right of redemption. It had the right to sell such title evidenced by the certificate of sale at either a private sale for its face value, or at public sale to the highest bidder. The payment in question was made not to discharge a claim for taxes but to redeem claim No. 8 from the sale and to reinvest in the former owner the legal title thereto. It was not a payment of taxes.

Claim No. 19 was assessed for taxes for 1914. On July 16, 1915, such claim for delinquent taxes was sold to Tobias Graham, and certificate of sale No. 531 was issued to him. On July 17, 1915, it was redeemed by the former owner and redemption certificate No. 242 was issued as evidence thereof. This sale was made under the provisions of chapter 84, N. M. Laws 1913 (sections 5495 to 5506, inc., N. M. Code 1915). The pertinent provisions thereof are set out in note 2.[2]

amount for which any real estate shall be sold, the collector shall execute and deliver to the purchaser thereof a certificate of sale containing a description of the property sold and stating the name of the person or persons against whom the same was assessed, or that the same was assessed against unknown owners, as the case may be, the amount paid therefor, that it was sold for taxes, the amount and for the year or years for which the taxes were assessed, the amount of interest, penalties and costs, the date of sale, and the consideration or amount so paid therefor at such sale, that the collector, by virtue of the authority vested in him by law, has sold and does convey said real estate to said purchaser, his heirs and assigns, subject to the right of the former owner to redeem the same within three years from date of sale by paying to the purchaser, his heirs or assigns, the amount paid therefor at such sale with interest thereon at the rate of one and one-half per cent per month from date of sale. Such certificate must be recorded in the office of the probate clerk of such county, in a book to be kept for the purpose of recording such certificates and when so recorded, shall vest in the purchaser, his heirs or assigns, a complete legal title to the real estate described therein subject, however, to redemption as herein provided, and such property shall thereafter, unless redeemed, be assessed in the name of the purchaser, or his assigns, but the former owner shall have the right to redeem the same at any time within three years from the date of sale by paying to the collector then in office for the use of the purchaser the amount of purchase money with interest at the rate of one and one-half per cent per month from date of such sale, together with any taxes that may have been paid upon such real estate by the purchaser and assignees with interest thereon at the same rate; and such former owner may retain possession of said real estate until redeemed, or until the time of redemption has expired. * * * Upon the redemption of any property sold as herein provided, the collector shall enter the fact of such redemption upon his book of sales, and shall issue to the person redeeming a certificate of redemption describing the property and giving date of redemption and amount paid, upon the production of such certificate of redemption the probate clerk shall mark the word 'redeemed' with the date of redemption and by whom redeemed, on the margin of the page where the record of such certificate of sale is made and from the date of such redemption when so made, and noted, the certificate of sale shall be deemed cancelled and annulled. * * * *Counties purchasing at tax sales shall be deemed purchasers within the meaning of this act.*" (Italics ours.)

Sec. 26, chapter 22, supra, as amended by section 1, c. 7, N. M. Laws 1901, and section 1, chapter 134, N. M. Laws 1905:

"In case any property shall be bid in by any county as provided for in section 22 of the act embraced in chapter 22 of the laws approved March 1, 1899, the duplicate certificate of such sale shall be sold by the tax collector to any person who shall pay the face value thereof with accrued interest and if the same cannot be sold at private sale within three years from the date of such certificate, such certificate shall be sold at public auction to the highest bidder for cash by the collector in office at the time of said sale after said collector shall have posted a notice giving a statement of the proposed sale, said notice to be posted on the front door of the court house for not less than four weeks prior to said sale."

Sec. 27, chapter 22, supra, as amended by section 2, c. 7, N. M. Laws 1901:

"All real estate so sold shall be assessed for the succeeding year, in the name of the original owner of said property or the person or corporation in whose name the said property was listed on the assessment roll or his assign, if the name of such assignee be known. * * * *"

NOTE 2.

[2] Sec. 5498. " * * * Each parcel of real estate offered for sale shall be struck off to the highest bidder for cash, but if such real estate cannot be sold for the full amount of the taxes, penalty and interest due thereon or if there should be no bidder for the same, the whole amount of the property upon which the taxes have been levied shall be struck off to the county for such total amount, and the collector shall make an entry on the assessment book of the fact, opposite to the name of the person assessed, and shall be credited with the amount of the tax thereon in his usual settlement."

Sec. 5500. "When any property shall be struck off

■ Upon the sale of claim No. 19 to Graham, the state and its political sub-divisions received payment of their taxes and the tax liability resulting from such assessment was discharged. The payment made by the former owner to redeem from such sale was in no sense a payment of taxes to the county treasurer, but was a payment to the county treasurer for the use and benefit of Graham.

It follows that the court erred in sustaining the defendants' titles to claims Nos. 8 and 19.

■ Section 25, c. 22, N. M. Laws 1899, required that real estate should be described on the assessment roll "by such description as will serve to identify the same." Under the decisions of the Supreme Court of New Mexico, an assessment made under that statute, in order to be valid, must describe the land with sufficient certainty to identify it without the aid of extrinsic evidence. Ferguson v. Gusdorf, 35 N. M. ——, 290 P. 214; Security Inv. & Dev. Co. v. Gross, Kelly & Co., 33 N. M. 535, 271 P. 95; King v. Doherty, 32 N. M. 431, 258 P. 569; Manby v. Voorhees, 27 N. M. 511, 203 P. 543.

Section 2, c. 84, N. M. Laws 1913 (section

to the county as provided in section 5498, it shall be the duty of the county treasurer to sell and assign the duplicate certificate of such sale to any person who will at any time pay the full face value thereof with accrued interest, and if the same cannot be sold at private sale before the regular sale of property for delinquent taxes in the next succeeding year, such certificate shall be sold at public auction at the time of such delinquent tax sale to the highest bidder for cash by the county treasurer then in office, but in no case shall such certificate of sale be sold for less than the full amount of the taxes and interest due. * * * "

Sec. 5502. "Upon payment of the amount for which any real estate is sold, the treasurer shall give to the purchaser a certificate of sale containing a description of the property sold, stating the name of the person or persons to whom the same was assessed or that it was assessed to unknown owners, as the case may be, the amount paid therefor, and that it was sold for taxes, with the date of sale, and that the sale is subject to the right of the owner to redeem the property within three years by paying the amount paid at such sale with interest thereon at the rate of one per cent per month, which certificate must be recorded in the office of the county clerk in a book kept for the purpose of recording such certificates. Such former owner may at any time, within three years from the date of recording such certificate, or duplicate certificate, provided for in section 5500, redeem the property by paying to the county treasurer for the use of the purchaser, or his assigns, the amount of purchase money with interest, as aforesaid, together with any taxes which may have been paid upon the property by the purchaser or his assigns, with interest at the same rate, and such former owner may retain possession of the property until the time of redemption has expired.

"Real estate sold for taxes, whether struck off to the county or sold to others, shall continue to be assessed in the name of the original owner, or to unknown owners, as the case may be, until the title shall pass by tax deed or otherwise. * * * "

5437, N. M. Code 1915), and section 203, c. 133, N. M. Laws 1921, provided that an assessment of land should contain a description "such as would be sufficient in a deed to identify it so the title thereto would pass." In State v. Board of Trustees of Town of Las Vegas, 32 N. M. 182, 253 P. 22, it was held that a description in an assessment of land, made under the last mentioned statute, may be aided by extrinsic evidence, and is valid if it is sufficiently definite that it can be made certain by the means of such evidence.

Section 30, c. 62, N. M. Laws 1882 (section 5460, N. M. Code 1915), provided that "each tract of land shall be valued and assessed separately except when one or more adjoining tracts are returned by the same person, in which case they may be valued and assessed together."

Section 207, c. 133, N. M. Laws 1921, provided that "each tract of land shall be valued and assessed separately."

The trial court held that defendants were not required to show payments of taxes levied upon assessments which did not meet the requirements of the above statutes as to description and separate assessment. In so doing, the court followed the plain provision of section 4 of the Pueblo Lands Act which limits the tax-paying requirements to taxes "lawfully assessed and levied." United States v. Wooten, supra, p. 889.

We conclude that plaintiff is entitled to a decree as prayed for as to claims Nos. 8 and 19. In all other respects, the decree below was correct. The cause is reversed with instructions to enter a new decree in accordance with this opinion.

Each party shall pay his own costs on appeal.