19 P.(2d) 747

## CAVINS v. ARMSTRONG & ARMSTRONG et al.

No. 3833.

Supreme Court of New Mexico.

Feb. 28, 1933.

Hurd & Crile and Lake J. Frazier, all of Roswell, for appellant.

L. O. Fullen, of Roswell, for appellees.

BICKLEY, Justice.

Appellant (plaintiff) filed claim for compensation for an injury received in the course of his employment, the appellees being made defendants. The plaintiff stated on information and belief that he was, as a result of the injury, totally and permanently disabled. He also admitted that for several months he had received compensation, but that such payments had ceased. The defendants answered, admitting the injury but denying the extent thereof as alleged by plaintiff or that he was totally or permanently disabled, and alleged that he was only temporarily disabled and that he had been paid compensation for the full time of such temporary disability and that his doctors' and medical bills had been paid.

The plaintiff was represented at the trial by able counsel, evidence was taken, and the case was submitted to a jury upon instructions of the court. The jury found for the defendants and judgment followed in their favor.

Upon this appeal counsel for plaintiff, other than in the trial court, presents the proposition that the case was erroneously tried wholly and solely upon the theory that in order to recover, it was necessary for plaintiff to establish the extent of his injuries as total and permanent. Appellee challenges this assertion and says that the court's instruction No. 7 presented the issue as to temporary dis-

ability: "You are further instructed that if you believe that on the 1st day of October, 1931, the plaintiff's disability had ceased, and the defendant Guaranty Company had paid to plaintiff all sums due for his said injury under the law, that is, $9.90 a week for the period of such disability, then your verdict will be for the defendants."

The jury having found for the defendants, it appears that they must have found that the defendant's disability had ceased and that the defendant had paid plaintiff all sums due him while the disability existed. The instructions conclude as follows: "When you retire, you will first select a foreman, I will give you proper forms of verdict. The one you agree upon your foreman must sign and you will all return it into court."

Whether some of these forms referred to may have enlightened the jury as to what they should do in the event they found no permanent injury but found a temporary injury which had not ceased on or before October 1, 1931, we are not informed, because the form used by the jury in returning its verdict is the only one in the record. Even in the absence of a direction as to what to do in such a contingency, we apprehend that if the jury had concluded that the plaintiff's disability had not ceased on October 1, 1931, and that the injury was not permanent, the jury would have asked for further instructions. We do not believe that the jury found this verdict for the defendants in face of the instruction quoted, unless they believed that the temporary disability had ceased. To assume that they found that they believed from the evidence that the disability had not ceased, and yet found for the defendant, merely because they had no appropriate form of verdict to enable them to announce how long it continued after October 1, 1931, would be to convict them of a lack of perception as to their duty and province to ask the court for further instructions or to attribute a base motive to them, which is never proper to presume. We do not deem it necessary or proper to pursue this question further.

The record before us does not contain the evidence and proceedings at the trial other than the pleadings and the instructions, the verdict and the judgment. No objections or exceptions were made or saved to the instructions and no instructions were requested on behalf of the plaintiff. Counsel for appellant concedes that it is a well-established rule that questions not raised in the trial court will not be considered on appeal. However, it is urged that this being a case tried under the provisions of the Workmen's Compensation Act, the foregoing rule does not apply. Similar contentions were made and repudiated in Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N. M. 686, 187 P. 560; De Lost v. Phelps Dodge Corp., 33 N. M. 15, 261 P. 811; Moore v. Phillips Petroleum Co., 36 N. M. 153, 9 P.(2d) 692.

From the record before us, we cannot agree with appellant's contention that there is here presented a situation calling for an application of an exception to the foregoing rule illustrated by the pronouncement in State v. Garcia, 19 N. M. 414, 143 P. 1012, and similar holdings.

From all of the foregoing, it appears that there is no reversible error in the record, and that the judgment of the lower court must be affirmed, and the cause remanded, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.