212 P.2d 422

## LILE v. LODEWICK.

### No. 5192.

Supreme Court of New Mexico.

Dec. 7, 1949.

Frazier, Quantius & Cusack, Roswell, for appellant.

Atwood, Malone & Campbell, Roswell, for appellee.

LUJAN, Justice.

This action was instituted in the court below by the plaintiff-appellant to quiet her title to the S½ of the NE¼ of the NE¼ of the NE¼ of Section 21, Township 11

South, Range 24 East in Chaves County, New Mexico, containing five acres more or less. The case was tried by the court without a jury and resulted in a judgment for the defendant and the plaintiff appeals.

Paragraphs three and four of plaintiff's complaint state:

"3. That on November 30, 1944, W. L. Lile, husband of plaintiff, acting as her agent, inquired of the Treasurer of Chaves County, New Mexico, what taxes, if any were due, upon said premises and on said date was advised that all taxes were paid except 1944 taxes which were then paid by said agent for and in behalf of the plaintiff. That the plaintiff relied upon such information given by the Treasurer of Chaves County, New Mexico, and on November 26, 1945, paid the first half of 1945 taxes. That subsequently when the last half of 1945 taxes were due they were tendered to the Treasurer of Chaves County, New Mexico, who then advised W. L. Lile, the agent of plaintiff, as aforesaid, that the property had been sold to the defendant S. W. Lodewick for 1943 taxes on January 19, 1945 and that on January 22, 1946, a tax deed was executed by the Treasurer of Chaves County, New Mexico, in favor of said S. W. Lodewick without the knowledge of the plaintiff or her said agent.

"4. That said assurances on the part of the Treasurer of Chaves County, New Mexico, constitutes constructive fraud upon which the plaintiff was justified in relying and by reason of such constructive fraud the tax sale proceedings are void and of no effect."

The amended answer of the defendant-appellee contained a general denial of the allegations in the complaint and set up as an affirmative defense the two year statute of limitations, 1941 Compilation, Section 76-727. Thereafter the defendant filed a cross-complaint claiming that he was the owner of the premises in fee simple. By his answer the plaintiff denied such allegation.

The facts out of which the controversy arose are these:

On August 11, 1941, John J. McClain and wife by warranty deed conveyed their interest in the land in question to Olive Lile, a married woman, and on the same day she filed her deed for record with the County Clerk. However, she did not render this property for tax purposes until 1945. It continued to be assessed in the name of John J. McClain for the years 1942, 1943 and 1944. She made no effort to pay the taxes on this land after her purchase of it until more than three years had elapsed; when her husband paid the 1945 taxes. This property, as assessed in the name of John J. McClain, was sold for the nonpayment of the 1942 taxes, and on January 22, 1944, tax sale certificate

No. 81 was issued by the county treasurer pursuant thereto. The description therein appears in type except the S½ which is in ink. This seems to have been caused by a double assessment which included the property of one Mr. Hardcastle for the N½ NE¼NE¼NE¼. The description in the tax sale certificate read NE¼NE¼NE¼ before the S½ was added in ink. On June 23, 1944, the certificate was assigned to the defendant and on January 23, 1946, the property not having been redeemed the treasurer issued Tax Deed No. 1152 to him.

Six assignments of error are urged by the plaintiff which she argues under three points, as follows:

(1) Constructive fraud exists in this case, and the tax title of appellee is void by reason thereof; (2) alteration of the tax sale certificate by the county treasurer after it was issued made the certificate void and ineffective; and (3) failure of a property owner to render his property for taxes does not excuse a county treasurer who gives erroneous information, regarding the status of taxes, on which the owner relies.

The trial court found as follows: "The plaintiff failed to prove by a preponderance of the evidence that at the time her husband paid the 1944 taxes he inquired of the County Treasurer as to any other taxes that might be unpaid or that he offered to pay any other unpaid taxes upon the property."

The trial court's failure and refusal to find affirmatively that the inquiry and offer, testified to by the plaintiff, were actually made constitutes an effective bar to his recovery on the ground of fraud, actual or constructive. The trial court so held when it concluded as a matter of law: "2. Neither the County Treasurer of Chaves County nor his deputy were guilty of actual or constructive fraud on plaintiff."

We have carefully examined the record and are unable to say that the trial court erred in its appraisal of the evidence on the issue of fraud. Hence the conclusion of law drawn by it is entirely proper.

This affords a good opportunity to declare that one seeking to defeat a tax title on the ground of the treasurer's fraud, actual or constructive, in giving erroneous information has the burden of establishing such fact by clear and convincing evidence; a mere preponderance of the evidence is not sufficient. Frear v. Roberts, 51 N.M. 137, 179 P.2d 998; Shaw v. Board of Education of Village of Hobbs, 38 N.M. 298, 31 P.2d 993, 93 A.L.R. 432.

Counsel for plaintiff also argue that the change made by the County Trea-

surer in the tax sale certificate No. 81, after sale and prior to deed, by inserting the first portion of the description, namely, "S½", thereby adding that subdivision to the description under which the property was sold, defeats the tax title. We do not think so. As assessed and sold the property was described as NE¼NE¼NE¼ of Section 21, Township 11 South, Range 24 East. After sale and issuance of the certificate but prior to deed, the County Treasurer discovered that "N½" of NE¼NE¼NE¼ of said section represented a double assessment of this five acre tract which was owned by a man named Hardcastle. Accordingly, the change indicated was made in the certificate in the office of County Treasurer and the property was so described in the tax deed. The fact that a sale of "N½" of the NE¼NE¼NE¼ could not be sustained, because of payment of taxes thereon by the owner under an assessment to him, does not void the sale as to S½ of the same tract for delinquency in the payment of taxes on it. The claimed defect is within the protection of the curative provisions of our statutes. 1941 Compilation, Section 76-726. N. H. Ranch Co. v. Gann, 42 N.M. 530, 82 P.2d 632; DeGutierrez v. Brady, 43 N.M. 197, 88 P.2d 281; Aragon v. Empire Mining & Milling Co., 47 N.M. 299, 142 P.2d 539. Certainly the plaintiff is not prejudiced by the omission from the tax deed of double assessed property in which she had no interest.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.