292 P.2d 319
Amado L. OTERO, Plaintiff-Appellant,

v.

Ramon SANDOVAL and Frances J. Sandoval, his wife, Defendants-Appellees.

No. 5996.

Supreme Court of New Mexico.

Jan. 6, 1956.

Rehearing Denied Jan. 31, 1956.

H. J. Guthmann, Joseph A. Sommer, Santa Fe, for appellant.

John E. Perry, Gallup, for appellees.

COMPTON, Chief Justice.

Appellant instituted this action to quiet title and from an adverse judgment, he appeals. The complaint alleges that he is the owner of the N½NE¼ and E½NW¼, Section 32, Township 13 North, Range 9 West, McKinley County. The answer generally denies the allegations of the complaint. By further answer and counterclaim, appellees seek to quiet the title in themselves, relying principally on adverse possession under color of title and res judicata. Issue was joined by reply.

On October 10, 1944, appellant instituted an action to quiet title to the premises in which Ramon Sandoval alone was named as a defendant. Process, if issued, was never served upon Sandoval and there was no appearance by him. Subsequently, on call of the docket, and without notice, that action was dismissed by the court for lack of prosecution. Thereafter, on February 5, 1954, appellant brought this action to quiet title against both appellees, and the complaint, except for immaterial matters, is identical with the former.

It is appellees' position, and the trial court so concluded, that the dismissal of the original action for lack of prosecution, was a decision on the merits, hence res judicata.
■ The pertinent rule is § 21-1-1(41) (b), 1953 Comp., 41(b) our Rules of Civil Procedure, which reads:

"Involuntary Dismissal — Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal upon the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction or for improper venue, *operates as an adjudication upon the merits.*" (Emphasis ours.)

■ Does the provision "any dismissal not provided for in this rule," require a holding that the dismissal of the original action was an adjudication upon the merit? We hold that it does not. As we construe the provision, it applies to a dismissal of

which the party affected has notice. Notice and hearing, or an opportunity to be heard, is essential to a decision upon the merits. Any other conclusion could well give rise to serious injustice and that without remedy. Compare Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387; Howell v. Goldberg, 98 Colo. 412, 56 P.2d 1330; Morris v. Russell, 120 Utah 545, 236 P.2d 451, 26 A.L.R.2d 947.

A companion rule, 41(e), which requires mandatory dismissal under the two-year limitation provision, was considered by us in Eager v. Belmore, 53 N.M. 299, 207 P.2d 519, 524. Drastic as the rule is, we there held that the effect of such dismissal merely deprived one of his remedy from again bringing suit on the same cause of action, but that rights were not destroyed. Speaking through then Chief Justice Brice, we said:

"The order of dismissal did not have the effect of destroying rights, but took from the plaintiff his remedy. Sheley v. Shafer, 35 N.M. 358, 298 P. 942; Davis v. Savage, 50 N.M. 30, 168 P.2d 851. The effect of the dismissal was to deprive the plaintiff in that case (defendant Belmore in the present suit) from again bringing suit on the same cause of action against James Edwin Eager, but it went no further. He was barred from instituting a cross-action herein, and the court correctly refused him this remedy. However, it did not affect plaintiff's action nor defendant's defense thereto."

While that case is not authority for the conclusion announced, we think the reasoning there expressed is more nearly in line with the effect to be given Rule 41(b) than as contended for by appellees.

Appellees' title is based on a tax deed from the state to appellee, Ramon Sandoval, and the sufficiency of the tax proceedings is challenged by appellant. Thus, we are presented with the question whether the description in the assessment rolls for the years 1931, 1932 and 1933, is sufficient to support any tax, so the title thereto passed to the state. Admittedly, the description for the years 1932 and 1933 is defective. The land was described on the tax rolls of McKinley County for said years, as follows:

"1931 NE¼ 160 acres
"1932 160 acres on 32–13–9
"1933 160 acres on 32–13–9"

The trial court found that the proceedings were sufficient to divest appellant of the title to the N½NE¼ of said section only; nevertheless, quieted title in appellees to the land as described in the complaint and counterclaim.

It is fundamental that an adequate and proper description of real estate is essential to taxation. Section 72–2–3, 1953 Comp., relating to assessment, requires " * * * a description of all real estate, such as would be sufficient in a deed to identify it so that title thereto would pass, * * *." For 1931, we have nothing except "NE¼ 160 acres." There is no section, township or range, not even a school district mentioned. It is common knowledge that ordinarily there are 36 sections to a township, each having a NE¼, containing 160 acres. We only know that the land is situated in McKinley County, but this is not an aid to the description. We have many times held that where there is uncertainty in description, if through the aid of extrinsic evidence, which from data afforded by the description itself, such uncertainty is resolved, it is sufficient. But there is no evidence, extrinsic or otherwise, which tends to describe the land in controversy. Richards v. Renehan, 57 N.M. 76, 253 P.2d 1046; Baltzley v. Lujan, 53 N.M. 502, 212 P.2d 417; Mutual Inv. & Agency Co. v. Albuquerque Farm & Ranch Land Co., 34 N.M. 10, 275 P. 92; King v. Doherty, 32 N.M. 431, 258 P. 569; Manby v. Voorhees, 27 N.M. 511, 203 P. 543.

Appellees rely strongly on Lile v. Lodewick, 53 N.M. 511, 212 P.2d 422, as nullifying the effect of the foregoing cases. In Lile v. Lodewick, supra, the land was described as the NE¼NE¼NE¼ of a certain section, township and range. The sale was to the county, but before the tax deed was issued to the county, the treasurer discovered that the N½ of the subdivision belonged to another and that it had been doubly assessed. He corrected the description by eliminating from the certificate the tract upon which the taxes had been paid. The case is distinguishable; an erroneous description may be corrected, § 72–8–3, 1953 Comp., but a totally insufficient description as we have here, presents a jurisdictional defect. Baltzley v. Lujan, supra.

In December, 1934, the treasurer issued a tax sale certificate to the county covering the premises as assessed. The property not having been redeemed, on June 24, 1937, he issued a tax deed to the county covering "NE¼ section 32; twp 13–Rge. 9." Subsequently, he issued a correction deed to the county covering the "N½NE¼, E½NW¼ section 32, twp. 13 N. Rge. 9 W." On May 27, 1943, the State Tax Commission issued its deed to Ramon Sandoval, correctly describing the premises. It is perfectly obvious that the county treasurer was under the belief that the description was merely erroneous. While he is to be commended for his diligence in attempting to make corrections as directed by said section 72–8–3, his efforts were futile. The description

formed no basis for the assessment and levy for the year 1931. It follows there was no property conveyed to the state, the title to which passed by the tax deed to appellee, Ramon Sandoval.

Appellees finally argue that appellant has been guilty of laches, barring his recovery. This argument, though alluring under the facts of the case, is without merit; laches was not pleaded as an affirmative defense. As previously stated, appellees pleaded adverse possession under color of title but the court being satisfied to rest its judgment on the sufficiency of the tax proceedings and res judicata, made no finding with respect to adverse possession, and none was requested. Consequently, adverse possession is not issuable here.

There was error in the judgment and the same should be reversed and remanded to the trial court to enter a decree in favor of appellant, quieting his title to the land in controversy upon his payment to appellees, or to the Clerk of the District Court of McKinley County, for their benefit, all sums paid by them for taxes, interest, and penalties, if any, and it is so ordered.

SADLER, McGHEE and KIKER, JJ., concur.

LUJAN, J., not participating.