# No. 13,803.

## HOWELL ET AL. *v*. GOLDBERG.
### (56 P. [2d] 1330)

Decided March 16, 1936. Rehearing denied April 27, 1936.

Mr. SIDNEY P. GODSMAN, Mr. WILLIAM O. PERRY, for plaintiffs in error.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

In December, 1933, the defendant in error Ethel Goldberg, as plaintiff, attempted to commence in the Denver district court an action against the plaintiffs in error Howell and Cabell, as defendants, by causing a summons signed by her attorneys to be served upon them with a copy of the complaint.

On January 3, 1934, Howell filed a motion to quash the summons, and also filed a motion to dismiss the action, both being interposed on the ground that no complaint was filed within ten days, as required by law, or at all. On January 4, 1934, Cabell filed a similar motion to dismiss; and in addition he filed a petition for dismissal, alleging that the action was vexatiously brought and asking for an award of a reasonable attorney's fee. On said 4th day of January, 1934, the court entered the following judgment:

"The court having this day ordered that this cause be dismissed as to defendants R. S. Cabell and Electric Products Consolidated, a corporation, in accordance with the petition to dismiss now herein filed by the said defendants; now therefore;

"It is the order of the court that as to said defendants R. S. Cabell and Electric Products Consolidated, a corporation, this cause be, and hereby is, dismissed; and that the said defendants R. S. Cabell and Electric Products Consolidated, a corporation, go hence hereof, and have and recover of and from the said plaintiff Ethel Goldberg, their costs in this behalf laid out and expended, to be taxed; and have execution therefor."

On January 5, 1934, the plaintiff filed a motion for leave to file a complaint corresponding to the copy served with the summons. Her motion was supported by the affidavit of one of her attorneys as follows:

"Samuel Chutkow, being first duly sworn upon oath, deposes and says that he is one of the attorneys for the

plaintiff in the above entitled action; that there was duly prepared by himself complaint in the above entitled action; that the same was duly served upon the defendant William Q. Howell upon the 13th day of December, A. D. 1933, and upon the defendant R. S. Cabell on the 19th day of December, A. D. 1933; at about the hour of one-thirty o'clock in the afternoon affiant left with one of the attendants in the office of the clerk of the district court the original complaint in this matter together with the summons showing return thereon, together with check #1075 for the sum of Twelve Dollars and Fifty Cents ($12.50), payable to the clerk of the district court in payment of the docket fee for filing said cause. Affiant further states that no receipt was received by him; that affiant distinctly remembers that said complaint with the summons and check was placed in a basket adjoining the cashier's cage; that affiant is absolutely positive, upon said date complaint was tendered for filing and left with the office of the clerk of the district court.

"Affiant further states that he is informed by the office of the clerk of the district court that they have been wholly unable to locate the said complaint together with check attached thereto and summons with return thereon. Affiant further states that the first knowledge he had that the complaint had been misplaced and not marked filed by the office of the clerk of the district court was procured from the notice in the Daily Journal of January 5, 1934.

"Affiant makes this affidavit for the purpose of procuring an order that in the event the said complaint should not be located at the time of the hearing of this petition, that he be permitted to file another complaint as of the 22nd of December, 1933 or that the motion of the defendants be denied in view of the circumstances."

On the same day Howell's motion to dismiss was argued and sustained, and the following judgment was entered:

"The court having this day ordered that the 'Motion to Dismiss' filed herein by defendant William Q. Howell be granted, and that this cause be dismissed as to said defendant; now therefore;

"It is the order of the court that as to said defendant William Q. Howell this cause be, and hereby is, dismissed, because of plaintiff's failure to file complaint within the time prescribed by law; that said defendant William Q. Howell go hence hereof, and have and recover of and from the said plaintiff his costs in this behalf laid out and expended, to be taxed; and have execution therefor."

On August 8, 1934, upon proper notice, the following order was entered by the district court:

"At this day come the parties hereto, by their attorneys, respectively.

"And thereupon, this cause coming on to be heard upon the written motion of the plaintiff, permitting plaintiff to file complaint, and overruling motion to dismiss, heretofore filed by defendants, William Q. Howell, and R. S. Cabell, the same is argued by counsel, and the court being now sufficiently advised in the premises,

"It is ordered by the court that the said plaintiff may have leave to file a proper motion setting forth the relief she seeks, supported by affidavit, within forty-eight (48) hours, and that the said defendants may have time and until forty-eight hours (48) to reply herein as they wish, after receipt of copy of said motion."

The next day was filed the following "supplemental motion to set aside order of dismissal";

"Comes now the plaintiff by her attorneys, Messrs. Chutkow and Atler and in accordance with the order of this court entered on the 16th day of August, A. D. 1934 upon a hearing on a certain motion filed by the plaintiff on the 5th day of January, A. D. 1934 and respectfully moves this court that a certain order of dismissal entered on or about the 5th day of January, A. D. 1934 be set

aside and this action reinstated upon such conditions as to the court may seem proper and that the complaint hereto attached be accepted for filing and for grounds thereof, shows the court all the matters and things in the annexed affidavit.''

An affidavit in support of the foregoing supplemental motion was annexed thereto. It reads as follows:

''Samuel Chutkow, being first duly sworn upon oath, deposes and says that he [is] one of the attorneys for the plaintiff in the above entitled action; that there was duly prepared by himself complaint in the above entitled matter; that the summonses in said action were duly issued on the 13th day of December, A. D. 1933 and the same was served upon the defendant William Q. Howell, on the 13th day of December, A. D. 1933 and upon the defendant R. S. Cabell on the 19th day of December, A. D. 1933; that on or about the hour of 1:30 o'clock in the afternoon of the 22nd day of December, A. D. 1933, affiant left with one of the attendants in the office of the clerk of the district court the original complaint in this action together with summons showing returns thereon as hereinbefore specified together with check #1075 for the sum of $12.50 payable to the clerk of the district court in payment of the docket fee for filing said cause; that the original complaint thus tendered by affiant is attached to this affidavit marked Exhibit A and by reference made a part hereof; that the said summonses hereinbefore referred to are attached to this affidavit marked Exhibit B and by reference made a part hereof; that check #1075 to which reference is made is attached hereto, marked Exhibit C. Affiant further states that no receipt was received by him, that affiant distinctly remembers that said complaint with the summons and check were placed in a basket adjoining the cashier's cage, that affiant is absolutely positive upon the date aforesaid complaint was tendered for filing and left with the office of the clerk of the district court; affiant further states that the first knowledge

that he had that the complaint had not been regularly filed and that the same had been misplaced was procured from a notice in the Daily Journal of January 5, 1934, indicating that a motion to dismiss had been filed in said cause.

"Affiant further states that at said time he immediately prepared a motion resisting the said motion to dismiss and a supporting affidavit and mailed a copy of said motion on January 5, 1934, to W. O. Perry and to Sidney P. Godsman, attorneys representing the defendants, the original copies of said letters, marked Exhibits D and E being attached hereto and by reference made a part hereof; that thereafter and on said day, affiant took the said motion and supporting affidavit to the office of the clerk of the district court and filed the same.

"Affiant further states that at no time was he or any other attorney notified that the said motion to dismiss would be acted upon that day; that if the said motion resisting dismissal and supporting affidavit were ever considered by the court, it was considered without affiant's presence and without his knowledge that the same was being considered; that no notice was ever served upon affiant that a hearing was to be had on the motion to dismiss or a motion resisting the dismissal and that the dismissal was entered without the knowledge of affiant.

"Affiant further states that he deemed it advisable to institute another action on this matter rather than go to the trouble of asking to have the said order of dismissal set aside and a new suit was filed on the 26th day of January, 1934, the complaint in which is identical with the complaint attached hereto marked Exhibit A.

"Affiant further states that some two or three months thereafter, the exact date of which is unknown to the affiant, but to the best of his knowledge during the months of April or May, of 1934, Mr. John B. Goodman, Jr., communicated with affiant and advised him the docu-

ments above set forth had been located in the office of the clerk of the district court; that a court reporter of one of the divisions, in going through a basket of some sort where citations and the like were kept, discovered the original complaint, the summonses and the check; that the said John B. Goodman, Jr., advised the affiant that they had very little occasion to examine the contents of this box and that no one had paid any attention thereto. The original complaint, summonses and check were returned to affiant at said time and are those marked Exhibits A, B and C, to which reference has been already made. Affiant says that with respect to the check, the same has been altered by tearing the signature off the same but in all other respects all of said documents are in the same condition as when they were left for filing by the affiant in the office of the clerk of the district court on the 22nd day of December, A. D. 1933 and thereafter returned to affiant by the clerk of the district court in the spring of 1934.

"Affiant further states that the circumstances under which the said documents were filed as well as the discovery is more particularly set forth in a letter from the clerk of the district court attached hereto marked Exhibit F and by reference made a part hereof. Affiant further states that on the 5th day of January, A. D. 1934 he advised the clerk of the district court of the various matters contained in this affidavit and that at said time he made an extensive search for said papers but was wholly unable to discover them and the same remained undiscovered until found in the manner hereinbefore specified.

"Affiant further states that the order of dismissal entered on the 5th day of January, A. D. 1934 is not qualified with any words of 'without prejudice,' that the said dismissal thus made was clearly not based on the merits of this case; that affiant makes this affidavit and files this motion only for the purpose of having the said order of dismissal set aside so that the court may enter

a new order of dismissal without prejudice to the institution of the second cause of action.

"Affiant further states to the court that this motion is filed as a supplemental motion to that filed January 5, 1934, in accordance with the order of the court on the 16th of August, A. D. 1934 at which time said motion was called up for hearing; that the said order thus procured against the plaintiff was procured through mistake, inadvertence and surprise; that affiant or his client is in no wise responsible for the loss of said pleadings and that in the furtherance of justice, the said order should be set aside for the purposes hereinbefore specified."

To the affidavit were attached the complaint, summons and returns, check and letters therein referred to.

The defendants joined issue and a hearing before the court was duly had. The court, on conflicting evidence, found in favor of the plaintiff, reinstated the case, and, on motion then and there made by plaintiff, dismissed the case expressly without prejudice.

The question naturally suggests itself whether a trial court is helpless to grant redress when, as here, a case has, arbitrarily and ex parte, been dismissed at the instance of a defendant without notice to the plaintiff, on the mere ground of alleged failure to file a complaint within the ten-day period prescribed by the Code (section 34, Code 1921, appearing in C. L. 1921 at page 107). On newly discovered evidence duly produced, the lower court found that the complaint had been seasonably lodged in the office of the clerk of the court, as claimed by the plaintiff, and that, through no fault of hers, it was mislaid. In such circumstances it was proper, and clearly in the interests of justice, to set aside the dismissal, reinstate the case, and permit the plaintiff to take a voluntary dismissal without prejudice, the purpose obviously being to let the actual facts appear in order to meet the defense of res judicata interposed in another case

against the same defendants on the same cause of action, as appears from the plaintiff's supplemental motion. Counsel for defendants contend, however, that the original dismissal, which did not specify whether it was with or without prejudice, was necessarily with prejudice; and rule 5 of this court is cited to support the contention. That rule is as follows: ''Every dismissal of an action, whether by the court or otherwise, shall be held to be 'with prejudice,' unless differently ordered by the court.'' It must be given a reasonable interpretation. It cannot be given the limitless meaning contended for by the defendants.

The dismissal occurred, as the court was justified in finding, without notice to the plaintiff. Moreover, there was no trial on a single phase of the merits. The defendants had, of course, not pleaded to the complaint. The dismissal was effected summarily and without raising the question as to whether it was to be with prejudice or not. We have no doubt that, if the question had been raised, the judge then sitting would have declined to designate the dismissal expressly as being with prejudice to further proceedings. The evidence in the record, as well as ordinary principles of fairness and justice, sustains the findings of the court upon which the reinstatement and subsequent dismissal without prejudice were based.

The defendants have also urged that the court had no power, after the expiration of six months from the end of the then current term, to set aside the judgment of dismissal entered in January, 1934. We think the lower court did not exceed its power in the premises.

We have considered all the other assignments of error, but find none of them well taken.

The judgment of the district court must be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE CAMPBELL not participating.