## No. 13,948.

PITTMAN ET AL. *v.* MARSHALL.

(59 P. [2d] 914)

Decided June 29, 1936.

Mr. ROBERT L. McDOUGAL, for plaintiffs in error.

Mr. JOHN F. MUELLER, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case is pending before us on an application of the plaintiff in error for a supersedeas. We are asked, however, to decide the case now on its merits. This we do.

The defendant in error, who was plaintiff below, issued a summons which was duly served upon the defendants. Before the expiration of the ten days prescribed by the Code of Civil Procedure for filing a com-

plaint when a case has been commenced by issuing a summons, negotiations were begun with a view to settling the controversy. An attorney at that time representing the defendants wrote to the plaintiff's attorney as follows: "In the meantime, you can keep your attorney's summons pending or dismiss the same as you see fit." The plaintiff did not dismiss. An ex parte order of dismissal was, however, entered at the instance of the defendants, the ground assigned being that no complaint had been filed. The order did not specify whether the dismissal was to be with or without prejudice. The plaintiff having filed a motion to vacate the judgment so entered, counsel for the defendants contended that, inasmuch as the district court in dismissing the case failed to state the dismissal to be without prejudice, the judgment of dismissal was not without but with prejudice, by virtue of Rule 5 of this court. The district court sustained the plaintiff's motion, vacated the seemingly unqualified order of dismissal, and permitted the plaintiff to dismiss the action "without prejudice" to the bringing of another action.

The present case is within the principle laid down by our opinion in the case of *Howell v. Goldberg,* 98 Colo. 412, 56 P. (2d) 1330. In that case we gave our approval to the similar vacation of an apparently unqualified dismissal and to the entry of a subsequent order of "dismissal without prejudice." The case mentioned requires affirmance of the case before us.

Judgment affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, who did not participate.